**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELISA ARMANDO REDWINE,
by and through next friend JASON DYE,

    Petitioner,

v.            Case No. 25-cv-11988
            HON. MARK A. GOLDSMITH
CHRIS SWANSON, et al.,

    Respondent.
_____/

## OPINION & ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Currently before the Court is Petitioner Elisa Armando Redwine's Petition for a Writ of Habeas Corpus, filed by his purported "next friend" Jason Dye.  (Dkt. 1.) Dye has not shown that he can seek federal habeas relief on Redwine's behalf. Therefore, the Court dismisses the petition and denies a certificate of appealability.

### I. BACKGROUND

On July 1, 2025, Jason R. Dye filed a habeas petition as "Next Friend and Constitutional Advocate for Elisa/Armando Redwine."  (Dkt. 1, PageID.2.)  Dye claims that Redwine is "unlawfully incarcerated after being falsely charged and ultimately vindicated."  (Id.)  Dye argues that Redwine was charged with attempted murder but the charge "was dismissed or rejected following judicial review."  (Id.)

According to the petition, Redwine remains incarcerated because he is charged with violating concealed pistol license requirements—a charge the petition claims is not supported by the evidence.  (Id.)  It appears that Redwine has been charged in the Genesee County Circuit Court in Flint, Michigan, with assault with intent to murder, Mich. Comp. Laws § 750.83, felony firearm, Mich. Comp. Laws § 750.227b, and carrying a concealed weapon, Mich. Comp. Laws § 750.227.[1]

Dye lists the following as respondents: (1) Chris Swanson, Genesee County Sheriff, (2) City of Flint, (3) Flint Mayor Sheldon Neeley, (4) Michigan Department of Corrections, (5) John Doe Circuit Court Judge, (6) prosecutor David Leyton, and (7) John Doe law enforcement officers 1-10.  (Id. at PageID.1.)  Dye alleges violations of the First, Second, Fourth, Fifth, Eighth, and Fourteenth Amendments.

## II.   LEGAL STANDARD

After a petition for writ of habeas corpus by a state prisoner is filed, the Court must undertake preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases.  If the Court

---

[1]   See People v. Redwine, No. 2025-0000053486 (Genesee County Cir. Ct.), https://micourt.courts.michigan.gov/case-search/court/C07/case-details?caseId=2025-0000053486-FC&tenantKey=C07-25-0626170-00-00&searchUrl=%2Fcourt%2FC07%2Fsearch%3FlastName%3Dredwine%26firstName%3Delisa%26page%3D1.   Public records and government documents, including those available from reliable sources on the internet, are subject to judicial notice. See Daniel v. Hagel, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  McFarland v. Scott, 512 U.S. 849, 856 (1994); Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

### III.   ANALYSIS

An application for a writ of habeas corpus may be filed by one person on behalf of another.  28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.").  However, "next friend" status will not be granted automatically.  Whitmore v. Arkansas, 495 U.S. 149, 163 (1990).

Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred.  Id.  First, "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action."  Id.  Second, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate."  Id.  Courts impose these restrictions on who may act as a "next friend" because "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends."  Id. at 164 (internal quotation omitted).

Dye makes no attempt to satisfy either prerequisite.  He does not allege, much less demonstrate, that he and Redwine have a relationship, let alone a significant

one.  Dye also does not claim that Redwine is incapable of filing his own petition. In short, there is no indication that Redwine is even aware of this petition or that he is incapable of filing on his own behalf.  The Court, therefore, will dismiss the petition without prejudice. Whitmore, 495 U.S. at 166 (dismissing petition for lack of jurisdiction where individual lacked standing to pursue habeas petition on prisoner's behalf).

Before this decision may be appealed, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Winburn v. Nagy, 956 F.3d 909, 911-912 (6th Cir. 2020) (ruling that a state pre-trial detainee must obtain a certificate of appealability to appeal the denial of a habeas petition).  The Court denies a certificate of appealability because reasonable jurists would not find the Court's ruling debatable.

## IV.   CONCLUSION

Accordingly, it is ordered that the petition for a writ of habeas corpus is dismissed.

It is further ordered that a certificate of appealability is denied.

**SO ORDERED.**

Dated: June 12, 2026                           s/Mark A. Goldsmith
Detroit, Michigan                              MARK A. GOLDSMITH
                                               United States District Judge

4

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 12, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager

5